# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | ) **CASE NO. 2:18-cr-249-LSC-JHE** |
| | )             **2:19-cr-136-LSC-JHE** |
| **KENNETH EARL HOOKS** | ) |

## GOVERNMENT'S MEMORANDUM FOR RESENTENCING

Comes Now the United States of America, by and through its counsel, the Honorable Prim F. Escalona, United States Attorney, and R. Leann White, Assistant United States Attorney, and provides this statement regarding resentencing upon remand.

In Hooks's initial sentencing hearing, the government argued that he should spend the rest of his life in prison. This Court agreed. The government maintains that position and again asks that this Court impose a sentence that will prevent Hooks from ever being free to prey on children again.

The Court can accomplish this result in one of two ways. First, the Court could again impose the guideline (and statutory maximum) sentence for each count, but order that the six sentences be served concurrently. *See* U.S.S.G. § 5G1.2(c).

Such a sentence would accomplish the goal of lifetime custody for Hooks while still being a "guideline sentence."[1]

Alternatively, the Court could structure the sentences exactly as it did during Hooks's original sentencing hearing. If the Court chooses this option, it would constitute a variance from § 5G1.2(c)'s recommendation of concurrent sentences. As such, the Court would need to state for the record the reasons for the upward variance so that the appellate court can review the reasonableness of the Court's decision.[2]

Respectfully submitted, this the 23rd day of May, 2022.

                         PRIM F. ESCALONA
                         UNITED STATES ATTORNEY

By:   */s/ R. Leann White*
       R. LEANN WHITE
       Assistant United States Attorney
       United States Attorney's Office
       400 Meridian St., Suite 304
       Huntsville, AL 35801
       Phone: (256) 534-8285

---

1    Hooks waived his right to appeal a guideline sentence. (See Doc. 43 in 2:18-cr-249-LSC-JHE and Doc. 7 in 2:19-cr-136-LSC-JHE)

2    The government presumes that Hooks will again appeal a sentence structured in this fashion, and his appeal will not be barred by the guideline waiver.

2

## CERTIFICATE OF SERVICE

I certify that on May 23, 2022, I filed this document electronically with the United States District Court for the Northern District of Alabama using the CM/ECF system, and thereby caused a copy to be served on the defendant.

/s/ *R. Leann White*
R. LEANN WHITE